# Eastman *v.* Washington & Canonsburg Railway Company, Appellant.

*Negligence—Street railways—Crossing track—Conflicting testimony.*

In an action against a street railway company to recover damages for personal injuries, a verdict and judgment for the plaintiff will be sustained where the evidence is conflicting, as to whether the plaintiff was struck by a street car, standing still at the time he commenced to cross the track on a siding on which it was standing, which was suddenly started without warning, or whether he was struck by a car passing upon the main track at the moment he attempted to cross it, and which he must have seen.

In such a case where the two conductors and the two motormen are called to contradict the plaintiff's story which is supported only by his own testimony, and but one of the witnesses squarely and directly contradicts the plaintiff, and that only after a prompting by the defendant's attorney, the trial judge is not called upon to make any comment in his charge upon any numerical preponderance of the testimony on behalf of the defendant. Hodder v. Philadelphia Rapid Transit Co., 217 Pa. 110, distinguished.

Argued April 21, 1906. Appeal, No. 88, April T., 1908, by

288 EASTMAN *v.* WASHINGTON, ETC., RY. CO., Appellant.

Statement of Facts—Opinion of the Court. [37 Pa. Superior Ct.

defendant, from judgment of C. P. Washington Co., May T., 1906, No. 60, on verdict for plaintiff in case of W. F. Eastman v. Washington & Canonsburg Railway Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before TAYLOR, J.

The opinion of the Supreme Court states the case.

*Errors assigned* were (1) in refusing binding instructions for defendant, and (3) that the charge as a whole was inadequate.

*John H. Murdoch*, with him *Edward B. Murdoch*, for appellants, cited: Hodder v. Transit Co., 217 Pa. 110; Bank v. Wirebach, 106 Pa. 37; Bornscheuer v. Traction Co., 198 Pa. 332.

*H. L. Williams*, of *McIlvaine & Williams*, for appellee, cited: Boggs v. Pitts., etc., Ry. Co., 216 Pa. 314; Howard Express Co. v. Wile, 64 Pa. 201; Matthews v. R. R. Co., 18 Pa. Superior Ct. 10; Dormer v. Paving Company, 16 Pa. Superior Ct. 407; Whaley v. Citizens' National Bank, 28 Pa. Superior Ct. 531.

OPINION BY BEAVER, J., October 12, 1908:

The issue in this case was clearly defined, definitely accepted by both parties, and presented a single question, which was undoubtedly for the jury: Was the plaintiff struck by a street car, standing still at the time he commenced to cross the track on the siding upon which it was standing, which was suddenly started, without warning, and by which he was struck upon the left shoulder, or was he struck by a car passing upon the main track at the moment he attempted to cross it? It seems to have been practically conceded by both sides on the trial that, if the plaintiff's statement that a car at rest when he started to cross the track was put in motion without warning, before the track was crossed, and he was injured thereby, was true, the company was negligent and he was entitled to recover, but if

after passing the siding he attempted to cross the main track in front of a moving car which he saw and was immediately injured thereby, as claimed by the defendant, he would be guilty of contributory negligence and would not be entitled to recover.

A careful reading of the testimony convinces us that the motion for a nonsuit when the plaintiff's testimony closed was properly refused, as was also the fifth of the defendant's points, that "Under all the evidence in the case the verdict should be in favor of the defendant," the answer to which was, "Refused, the case is one for the jury under all the evidence." If this answer was correct, the court was also justified in refusing the motion for judgment non obstante veredicto upon the whole record and in directing judgment to be entered for the plaintiff, against the defendant, on the verdict.

The court's refusal of the fifth point and also of judgment n. o. v. for defendant constitute the first and second assignments of error.

All of the defendant's points, except the fifth, were unqualifiedly affirmed.

The third assignment is: "The charge of the court, as a whole, was inadequate, in that no instruction was given to the jury to guide them as to the weight to be given to the testimony and the numerical preponderance of the testimony on behalf of the defendant." Under this specification, the entire charge is assigned for error, and the argument upon it is based upon the assumption that the plaintiff, alone and unsupported, testifies to the facts attending his injury, which is not questioned, and that four witnesses, the motormen and conductors of the two cars, contradict the plaintiff and agree in that contradiction.

If the facts were as assumed, the authority relied upon by the defendant, Hodder v. Philadelphia Rapid Transit Co., 217 Pa. 110, might apply, but the facts of that case and the one under consideration differ so materially that we do not see any fair application of the one to the other. The syllabus of the case cited contains a fair statement of the testimony of the witnesses in regard to the principal fact in dispute, as it appears in the opinion of the Supreme Court, and is as follows: "In an action against a street railway company for personal injuries, where

the plaintiff testifies that she was injured by the sudden starting of a car when she was attempting to alight from it, while at rest, and her evidence is directly contradicted by the conductor, motorman and four passengers, all of whom had equal opportunity with the plaintiff to know what the actual fact was, the numerical inequality in the support given the one side and the other by the witnesses is a proper subject of judicial comment, and to minimize the effect of such inequality, so as to make what is said on the subject prejudicial and misleading, is reversible error."

In this case, we have the unequivocal declaration that the car by which the plaintiff was injured was the one standing upon the siding when he attempted to cross, which was put in motion without notice to him, before he had effected the crossing. The motorman of the car alleged by the plaintiff to have caused the injury was called as a witness. When he was brought, in his examination by the defendant's attorney, to the crucial point of the case, he was asked: "Now, did you move forward that night until after that car was inside the switch point?" to which he answered, "Not that I remember of." The remark was then made by the defendant's attorney, who was examining him, "Well, now I want you to remember," and his answer then was, without any consideration of statement which recalled the facts to his remembrance, "Well, I am sure, I didn't move the car." This, to say the least, was a most unsatisfactory way in which to lead the witness to a denial of the express statement of the plaintiff.

The testimony of the motorman of the car going west upon the main line in regard to this point was: "Q. Where was the east-bound car when you entered the switch point? A. It was laying in Franklin street switch. Q. Laying in the switch? A. Yes, sir. Q. Have you any recollection about what its location was? A. No, sir, I believe it was about the usual stopping place though. Q. Did, or did not, that car move forward before you entered the switch point? A. I can't say. Q. Did it move forward in any way to interfere with your entering the switch point? A. No, sir."

The conductor of the car, alleged by plaintiff to have

caused the injury, was not very explicit as to the location of the car, did not see the plaintiff before he was hurt and, in answer to the question, "Did you see him at all that evening?" said, "No, sir, I didn't see him at all that night."

The testimony of the conductor of the car going west upon the main track, although he helped the plaintiff upon his car, in his examination in chief, was as follows: "Did you notice the east-bound car any place near the Franklin siding, as you went down?" A. No, sir, I did not. Q. Is it your duty to notice the cars that you are meeting? A. No, sir. Q. Where was that car, when your attention was first called to it, when you first noticed it? A. Well, they were passing it there, we pulled up and I couldn't tell, I didn't pay any attention whether the car was moving or not, just pulled up there and made a stop. Q. Where did your car stop? A. Well, I didn't notice whether it was in the regular place or not, but it was near there. Q. Did you notice whether or not the other car was in motion as you came up? A. I did not. Q. You saw it on the siding? A. Yes, sir."

It is to be noticed, therefore, that the only witness who directly contradicted the plaintiff was the motorman of the car which he alleged had caused his injury, and that contradiction arose only upon the sharp intimation of the defendant's attorney, in view of his witness's unsatisfactory answer, "Well, now I want you to remember." The court below commented upon this testimony in a way which, in our opinion, gave to it quite as much weight as that to which it was entitled.

The grocer, from whom the plaintiff had just parted at the door of his store, was called as a witness. He was, at the time of the trial, in the employ of the defendant, but he does not contradict the plaintiff's testimony as to the car which struck him and caused his injury. With the exception of the testimony of the motorman, Markley, there is no testimony which, in our opinion, directly contradicts that of the plaintiff, and his does so only after the prompting above referred to, and upon this testimony the court makes full and fair comment.

If the court below, under such circumstances, had called attention to what is called the numerical preponderance of the testimony of the defendant, as the appellant claims should have

been done, and the verdict had been different, the plaintiff would, in our opinion, have had greater reason for complaint than has the appellant here. The court below gave sufficient consideration to the testimony of the defendant, and left the question as to the manner in which the plaintiff's injury was received fairly to the jury.

We regard the case as having been fairly presented to the jury from the standpoint of the defendant, and the charge cannot be fairly characterized as inadequate.

The assignments of error are all overruled.

Judgment affirmed.