## Clark *v.* Union Traction Company, Appellant.

*Negligence—Street railways—Evidence—Memoranda in writing—Conductor's report.*

On the trial of an action for personal injuries against a street railway company, a conductor who took down in writing the names, addresses and occupations of passengers who were on the car and saw the accident, may in giving his testimony refresh his memory by referring to such memoranda; and there is all the more reason for permitting him to do so, where it appears that over two years and a half had elapsed from the date of the accident to the time of the trial.

*Negligence—Street railways—Evidence—Charge of court—Interested testimony.*

Where in a street railway accident case the unsupported testimony of the plaintiff is directly contradicted by three disinterested persons, and also by the conductor and motorman of the car, a charge is inadequate which does not carefully explain to the jury the difference between interested and disinterested testimony, and caution them as to their duty in weighing and deciding upon such a conflict of testimony.

In such a case where the plaintiff claims that the diseases from which she was suffering were due to the accident, but one of her own experts concedes that her troubles might have had their origin in other causes, the court should call the attention of the jury to the different probable causes for the diseases with which plaintiff was suffering.

Argued Jan. 17, 1905. Appeal, No. 70, Jan. T., 1904, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1901, No. 582, on verdict for plaintiff in case of Catharine Clark, child, and James E. Clark, parent, v. Union Traction Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN. JJ. Reversed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The circumstances of the accident are described in the opinion of the Supreme Court.

At the trial the court declined to permit defendant's con-

ductor to refresh his memory as to the names and addresses of witnesses to the accident by looking at a report written by him at the time.   Exception.  [1]

The court also declined to permit a passenger, a witness for defendant, to refresh his memory by referring to a statement signed by himself shortly after the accident, for the purpose of refreshing his memory after he had been cross-examined with a view to showing that he was not present at the time of the occurrence.   Exception.  [2]

The court charged in part as follows : [There seems to be no dispute as to the character of the disorder from which this young woman is suffering.   It is the opinion of the physicians that the injury was the cause of her present condition.   She is said to have been in good health prior to her injury. · It is for you to say whether the accident occasioned her condition. The testimony of Catharine Clark, her sister Mary, her sister Susan, Dr. Stoller and Dr. Porter would indicate that the injury had brought about the present physical condition.] [3]

Verdict and judgment for plaintiff, Catharine Clark, $3,500, and James D. Clark, $500.   Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions ; (3) portion of charge as above, quoting it ; (4) the charge was inadequate.

*Thomas Leaming*, with him *Charles Biddle*, for appellant.--- The learned court erred in declining to permit defendant's conductor, Werner, to refresh his memory as to the names and addresses of witnesses to the accident, by looking at a report written by him at the time : Babb v. Clemson, 12 S. & R. 328 ; Mead v. White, 8 Atl. Repr. 913 ; Dodge v. Bache, 57 Pa. 421 ; Huckenstein v. Jolly, 2 Lanc. L. R. 164 ; First National Bank of DuBois City v. First Nat. Bank of Williamsport, 114 Pa. 1.   The charge was inadequate : Cooley v. Phila. Traction Co., 189 Pa. 563 ; Richards v. Willard, 176 Pa. 181 ; Reber v. Herring, 115 Pa. 599 ; Holden v. Penna. R. R. Co., 169 Pa. 1.

*Thomas Ridgway*, *with him John J. Ridgway*, for appellees.— Harmless error committed by a trial court is not subject of re-

versal: Ely v. Hager, 3 Pa. 154; Walthour v. Spangler, 31 Pa. 523; Ormsby v. Ihmsen, 34 Pa. 462; Hill v. Meyers, 43 Pa. 170; Galbraith v. Zimmerman, 100 Pa. 374; Ziegler v. Handrick, 106 Pa. 87 ; Coates v. Wallace, 4' Pa. Superior Ct. 253 ; Kennedy v. Forest Oil Co., 199 Pa. 644; Sutch's Est., 201 Pa. 305; Fitzpatrick v. Union Traction Co., 206 Pa. 335; McKnight v. Newell, 207 Pa. 562.

The charge was adequate : Krepps v. Carlisle, 157 Pa. 358 ; Newhard v. Yundt, 132 Pa. 324; Fitzpatrick v. Traction Co., 206 Pa. 335 ; Price v. Hamsher, 174 Pa. 73 ; Holden v. Penna. R. R. Co., 169 Pa. 1.

OPINION BY MR. JUSTICE ELKIN, February 20, 1905 :

This is an action of trespass to recover damages for an injury alleged to have been caused by the negligent act of the defendant to the plaintiff, Catherine Clark, and also for the loss of services and expenses incurred by James E. Clark, the father.

The plaintiff, a young girl eighteen years of age, testified that she was a passenger on a trolley car on Lehigh avenue on the evening of May 1, 1901, and, in attempting to step off the car after it had stopped, was thrown on her hands and knees on the street by reason of the car starting before she got off, and that she suffered a nervous shock which later developed into womb and ovarian troubles, from which she was suffering at the time of the trial.   Her testimony, in so far as it related to the time and manner of getting off the trolley car, was positively contradicted by the conductor, motorman and by three passengers, disinterested persons, who were standing on the back platform of the car at the time the injury is alleged to have been sustained.   The testimony of these five witnesses is to the effect that the plaintiff, in making an effort to catch a Fifteenth street car, hurriedly stepped from the Lehigh avenue car before it stopped, fell upon her hands and knees in the street and suffered some injuries.   According to her testimony, she thereupon proceeded on her journey, took a Fifteenth street car, visited a friend whom she had started out to see and returned to her home a few hours later.   Upon arriving at home it was discovered that her ankle, knee and elbow were bruised, and she was suffering some pain.   A physician, called

next day to treat her, found her suffering from the nervous shock, the external bruises and some other pain. Several months later this physician made an internal examination of plaintiff, and found that her womb was displaced and the ovaries affected. About one year after the accident, another physician, an expert, was called to examine her, and found that she was then suffering from a retroversion of the womb and prolapses of the left ovary. Although these are troubles common to females, the plaintiff claims that her condition is the result of the accident caused by getting off the trolley car, and that defendant is liable in damages by reason of the alleged negligence. The case was submitted to the jury in the court below, which found in favor of the plaintiff.

The learned counsel for defendant took an appeal, and has specified four assignments of error. These four assignments can be discussed under two heads : first, whether the learned trial judge erred in refusing to allow certain witnesses to refresh their memory by referring to memoranda made in writing at or near the time the accident occurred, and, second, whether the charge of the court to the jury was accurate in assuming certain facts to have been admitted or proven, and adequate under the circumstances of the case.

At the time of the accident, the conductor, Werner, made a report in writing, containing the names, addresses and occupations of the passengers who were standing on the back platform of the car and saw plaintiff get off. This report also contained the name and address of the plaintiff. The learned trial judge refused to permit the conductor while testifying to refresh his memory from this written report. There can be no doubt under our authorities that the witness should have been allowed to refresh his memory from the report so made, and that the court erred in refusing to permit him so to do. The rule is well stated in Greenleaf on Evidence, sec. 456 : " Though a witness can testify only to such facts as are within his own knowledge and recollection, yet he is permitted to refresh and assist his memory by the use of a written instrument, memorandum, or entry in a book, is and may be compelled to do so, if the writing is present in court." This rule is so clearly settled in our cases that it is not now open to doubt : Babb v. Clemson, 12 S. & R. 328 ; Dodge v. Bache,

57 Pa. 421; First National Bank of Dubois City v. First National Bank of Williamsport, 114 Pa. 1.

The learned counsel for appellees concede that the witness should have been allowed to refresh his memory from the memorandum or report, but insist that no injury was done appellant by such refusal, and therefore it is not reversible error. The case of Ziegler v. Handrick, 106 Pa. 87, is cited in support of this contention. To the same effect is Kennedy v. Forest Oil Co., 199 Pa. 644. The rule is properly stated in these and many other cases cited. In all the cases, however, the principle is recognized that where the court has erred in the admission or exclusion of testimony at the trial, it is reversible error if the complaining party has been injured by the erroneous rulings of the court. In the case at bar it was important for the defendant to show that these witnesses were all present and did see or could have seen the circumstances immediately connected with the accident. How could this better be done than by permitting the conductor to refresh his memory from a written report made at the time, when the names, addresses and occupations of the witnesses, and other circumstances connected with the accident, were written down? The accident occurred May 1, 1901, and the verdict was rendered January 11, 1904. More than two years and a half having elapsed from the date of the accident to the time of trial, it was important that the conductor should refer to his report in order to definitely fix the time when the accident occurred, the names of the witnesses who saw it, and other circumstances connected with the accident. This testimony was especially important in view of the fact that the learned counsel for appellees in the cross-examination of some of these witnesses at the trial attempted to weaken the force of their statement, by suggesting that the circumstances to which they referred, and the young lady about whom they were testifyng, might have occurred at some other time and to some other person. In this view of the case reference to the memoranda or report was the strongest and best corroboration of its witnesses the defendant could offer. These were material facts, which, in connection with all the other evidence, the jury should have been permitted to consider in its effort to arrive at a proper verdict. We cannot say that the refusal to permit the witness to so refresh his

memory did not injure the defendant.    We think this testimony was material, and that it was error to refuse it.

The appellant further contends that the charge of the trial judge was inadequate, and did not give that full and clear statement of the law and evidence which should precede intelligent consideration and correct conclusion by the jury.    A careful examination of the evidence in the case and of the charge of the court leads us to the conclusion that there was error in this respect.    The learned court did not explain to the jury the difference between interested and disinterested testimony, which was material and important in view of the unsupported testimony of the plaintiff as to the car having stopped before she got off.    This was the vital point of the plaintiff's case, and she stood alone.    She testified that the car had stopped before she got off.    No one corroborated her, although five other persons stood within a few feet, saw her get off, and all positively contradict her statement.    These witnesses stated that the plaintiff attempted to get off before the car stopped. Two of these witnesses were employees of the defendant company, but three of them were in no way connected with the defendant.    They were passengers and disinterested persons. They were only interested in describing the facts as they saw them.    On the other hand, the plaintiff was vitally and pecuniarily interested.    Her whole case depended upon her saying the car had stopped before she got off, and she alone said it. Certainly these facts bring the case within the rule laid down in Holden v. Pennsylvania Railroad Co., 169 Pa. 1, wherein Mr. Justice GREEN said: "As the review of the evidence shows, he stood entirely alone, not a solitary witness corroborated him in the least degree in this vital feature of his case, and of this fact he, being the plaintiff, was necessarily aware. We think the learned court below, in these circumstances, should have carefully explained to the jury the difference between interested and disinterested testimony, and should have specially cautioned them as to their duty in weighing and deciding upon a conflict of testimony in such a case.    Nothing of this kind was done and we think the charge was not adequate in that regard."

Again, the appellant contends that the learned court erred in assuming that there was no dispute about the cause of the

diseases from which plaintiff was suffering, and failed to call the attention of the jury to the fact that her troubles might have resulted from many other probable causes.   In this connection it should be borne in mind that more than two and one half years had intervened between date of accident and time of trial.   The plaintiff was suffering from diseases very common to her sex.   These diseases may have been occasioned by injuries received in getting off the trolley car, or may have resulted from many other causes.   It is true that two physicians, called as witnesses on behalf of plaintiff, gave it as their opinion that these troubles were occasioned by the fall on the street at the time of the accident.   One of these witnesses, an expert, however, conceded that her troubles might have been caused by standing on her feet during long hours, by taking a sudden, unguarded, long breath, by slipping on the ice, or by jarring that portion of the abdomen in any other way. Under these circumstances, the attention of the jury should have been called to the different probable causes for the diseases from which the plaintiff was suffering : Reber v. Herring, 115 Pa. 599.   All of these facts should have been explained so that the jury would have a full and clear statement of the law and evidence to guide them in their deliberations : Richards v. Willard, 176 Pa. 181.   The charge as a whole was fair and impartial, but in our view of the case sufficient stress was not laid on the material and important matters herein before discussed.   In these respects we think the learned court erred.

Judgment reversed and a venire de novo awarded.