## Davies *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Trial—Charge—Inadequacy of charge—Preponderance of testimony—Number of witnesses.*

In an accident case against a street railway company where the plaintiff alone testifies that the car had stopped before she attempted to alight, and eight credible and disinterested witnesses directly contradict her, it is reversible error for the trial judge in his charge to minimize the advantage which the defendant had by reason of the marked numerical preponderance of the witnesses in its favor, and to fail to instruct the jury as to the difference between interested and disinterested testimony, and caution them to have regard thereto in weighing the conflicting testimony, although no particular request was made for such instructions.

Argued March 24, 1910. Appeal, No. 71, Jan. T., 1910, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1906, No. 2,324, on verdict for plaintiff in case of Eleanor Davies v. Philadelphia Rapid Transit Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $2,500, upon which judgment was entered for $2,000, all above that amount having been remitted.

*Error assigned* was that the charge was inadequate.

*Thomas Leaming,* with him *Wm. M. Stewart, Jr.,* for appellant.—The charge was inadequate: Hodder v.

Rapid Transit Co., 217 Pa. 110; Lingle v. Ry. Co., 214 Pa. 500; Clark v. Traction Co., 210 Pa. 636.

*Francis M. McAdams,* with him *Willard E. Barcus* and *Joseph P. Rogers,* for appellee.—The charge was sufficient: Fitzpatrick v. Traction Co., 206 Pa. 335; Stroud v. Smith, 194 Pa. 502; Bailey v. Presbyterian Board, 200 Pa. 406; Schmidt v. McGill, 120 Pa. 405; Braunschweiger v. Waits, 179 Pa. 47.

OPINION BY MR. JUSTICE POTTER, May 2, 1910:

Counsel for appellant in this case complain of the inadequacy of the charge of the court. They allege that the case for the plaintiff rested upon her own uncorroborated testimony, and that she was contradicted by her own affidavit made shortly after the occurrence of the accident, and was also contradicted as to the essential facts of the case by the testimony of eight eyewitnesses. Under these circumstances counsel contend that it was the duty of the trial judge to explain clearly to the jury the difference between interested and disinterested testimony, as it was offered in connection with this case, and that the jury should have been cautioned as to their duty in weighing the evidence.

The issue was a very narrow one. It was, whether the car was started as the plaintiff was alighting, or whether she stepped off before the car came to a stop. Only one witness, and that the plaintiff herself, testified that the car was at rest before she attempted to alight. Eight eyewitnesses of the accident testified directly to the contrary, stating that the plaintiff attempted to get off while the car was yet in motion. The credibility of the witnesses for the defendant was unimpeached, and with eight of them testifying in positive contradiction of the plaintiff's unsupported statement, the evidence gave the defendant a marked advantage to which it was properly entitled under the rules, and which should not have been minimized to its disadvantage in the charge of the court.

Where the testimony of so many credible witnesses is in direct contradiction of that of a single witness, the probabilities are strongly in favor of the evidence of the larger number. Where witnesses are equally intelligent and equally truthful and free from bias, and have equal opportunities for knowledge of the facts to which they testify, the many are less likely to be mistaken than the few. In a conflict of evidence, mere number is not in itself controlling, but it certainly is entitled to great consideration, and should control unless there be special reason to credit the evidence of the smaller number. We think the result of the instructions of the learned trial judge to the jury was to unduly minimize the effect of the marked numerical preponderance of the witnesses who testified for the defendant. He said: "True it is that in this case the defendant called many more witnesses than the plaintiff. The weight of the evidence in a case is not to be determined by the number of witnesses called on either side. The weight of the evidence is to be determined by the character of the evidence." The statement was true, in so far as it went; but, in the same connection, the court should have called the attention of the jury to the probability that the plaintiff, by reason of the fact and character of the accident, was not in so favorable a position to note and remember just what occurred as onlookers would be; and also the fact of plaintiff's pecuniary interest in the result. It is most obvious that the weight of the evidence inclined very strongly against the plaintiff. The knowledge, recollection and veracity of eight credible witnesses, seven of them without the least pecuniary interest in the result of the suit, stood opposed to her. The probabilities were so overwhelmingly in favor of the truth of the statements of the eight witnesses, as to the one simple fact in controversy, that the court should have cautioned the jury strongly against an arbitrary or capricious disregard of the weight of the evidence. It is true that as a general rule, mere neglect or omission to charge in a particular

way, is not error, in the absence of a particular request for such instructions. But an exception to this rule is thus stated in 2 Pepper & Lewis's Digest, 2714: "When ?ase turns on certain testimony, which is conflicting, 's error for the court not to call the jury's attention to     conflict, and the nature of the testimony, and to explain and set forth the weight to be given to that kind of testimony, or to fail to explain adequately the relative value of the testimony of the different parties." This statement as applied to cases where plaintiff's testimony is contradicted by disinterested witnesses is sustained by our decisions in Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244, and Holden v. Penna. R. R. Co., 169 Pa. 1. In this case it was said (p. 16): "The testimony of the plaintiff was most profoundly affected by his personal interest in the result. The very fate of his cause depended upon his individual testimony, and as his claim for damages was very large, and the costs and expenses of the trial were necessarily considerable, it is not possible to conceive of a case in which the effect of a heavy pecuniary interest in the result could exercise a more powerful influence upon the mind of the witness than this. As the review of the evidence shows, he stood entirely alone, not a solitary witness corroborated him in the least degree in this vital feature of his case, and of this fact he, being the plaintiff, was necessarily aware. We think the learned court below, in these circumstances, should have carefully explained to the jury the difference between interested and disinterested testimony, and should have specially cautioned them as to their duty in weighing and deciding upon a conflict of testimony in such a case. Nothing of this kind was done and we think the charge was not adequate in that regard." So in Fineburg v. Railway Co., 182 Pa. 97, it was held, as set forth in the syllabus, that, "in an accident case, where the testimony of the only witness who testifies to acts of defendant's negligence is contradicted by his own statements, by every other witness in the case, and by

all the circumstances surrounding the accident, it is reversible error for the court to neglect to call the attention of the jury to the pertinent facts affecting the credibility of the witness and the contradictions of his testimony."

In Hodder v. Rapid Transit Co., 217 Pa. 110, where the facts closely resembled the present case, and where the testimony of the plaintiff was directly contradicted by the conductor, motorman and four passengers, all of whom had equal opportunity with the plaintiff to know the actual facts, it was held that it was reversible error to minimize the effect of the numerical preponderance of the witnesses for the defendant.   In the present case, we feel that the instructions of the trial judge tended unduly to minimize the legitimate advantage to which the defendant was entitled by reason of the marked numerical preponderance of credible witnesses in its favor.   Because of this, and for the further reason that the charge was inadequate under the circumstances, in failing to instruct the jury as to the difference between interested and disinterested testimony, and in cautioning them to have regard thereto in weighing the conflicting testimony, the judgment is reversed with a venire facias de novo.