# Cohen *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Getting on car—Signal to start—Evidence —Charge.*

1. In an action by a woman and her husband against a street railway company to recover damages for personal injuries to the wife, received while boarding a car, three witnesses whose credibility was unimpeached testified that the signal to start the car was given, not by the conductor, but by an unauthorized passenger standing upon the back platform.

The man himself who pulled the bell testified to the fact. To off-set this there was but the statement of the husband that the conductor rang the bell, which statement upon cross-examination was either withdrawn or rendered doubtful by his own admission. *Held,* that it was the duty of the trial judge to call the jury's attention to the fact that the husband's statement was unsupported and was contradicted by three credible witnesses, and to caution them against an arbitrary or capricious disregard of the weight of the evidence in favor of the defendant.

2. Where an unauthorized passenger gives the signal to start a street car, and a passenger in boarding the car is injured as the result of the starting of the car, the railway company is not liable for the injuries sustained.

*Evidence—Presumptions.*

3. Presumptions are only intended to supply the place of facts, and when the facts appear from the evidence, presumptions are never to be relied upon as against the facts.

Argued March 21, 1910. Appeal, No. 121, Jan. T., 1909, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1906, No. 3,022, on verdict for plaintiffs in case of Sarah Cohen by her husband and next friend, Abraham Cohen, and Abraham Cohen v. Philadelphia Rapid Transit Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MAGILL, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for Sarah Cohen for $3,000, and for Abraham Cohen for $1,500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming,* with him *Owen Roberts,* for appellant.—The defendant is not liable for the consequences of the act of an unauthorized stranger in pulling the bell and starting the car, thus injuring a fellow passenger:

O'Neil v. R. R. Co., 180 Mass. 576 (62 N. E. Repr. 983); McDonough v. R. R. Co., 95 App. Div. (N. Y.) 311; Moore v. Woonsocket St. Ry. Co., 27 R. I. 450 (63 Atl. Repr. 313); Krone v. Ry. Co., 71 S. W. Repr. 712; Columbus, etc., Ry. Co. v. Farrell, 31 Ind. 408.

*William T. Connor*, with him *John R. K. Scott*, for appellees.—Whether the giving of the signal to proceed, which caused the car to start, was the act of a stranger to the defendant or not, it still remained for the jury to say whether that act, if that of a third party, had not been acquiesced in or ratified by the defendant: McCurdy v. Traction Co., 15 Pa. Superior Ct. 29; North Chicago St. R. R. Co. v. Cook, 145 Ill. 551 (33 N. E. Repr. 958); Nichols v. Railroad Company, 168 Mass. 528 (47 N. E. Repr. 427); Devoy v. Transit Co., 192 Mo. 197 (91 S. W. Repr. 140).

OPINION BY MR. JUSTICE POTTER, May 9, 1910:

The plaintiffs in this case claim that Sarah Cohen was injured by the negligent starting of a trolley car, while she was in the act of boarding it. As the case was tried in the court below, it turned upon the determination of a single question of fact: Who gave the signal to start the car? If it was given by the conductor, as claimed by plaintiffs, the defendant company was liable for the resulting damages. If, as appeared from the evidence of the defendant, the signal was given by a person not in its employ, and without authority, then the defendant was not responsible for the result. It appears from the record that John McCausland testified that he was a passenger on the car in question and was standing on the rear platform. That when the car stopped at Sixth and Walnut streets, three or four men got on, and he pulled the bell and gave the signal for the car to start; and then he saw Mrs. Cohen and her husband come from the sidewalk, or from the back of the car, and that she attempted to get on, just about the time the car was starting.

He said the conductor was inside the car, where he had been collecting fares, but was then on his way to the rear platform. William Johnson testified that he also was a passenger standing on the rear platform, and that when the car stopped at Sixth street, several persons got on, and that Mrs. Cohen and her husband came up after them, and just about the time the bell was pulled, Mrs. Cohen got hold of the car. He said the bell was pulled by a gentleman on the back platform, while the conductor was inside the car. The conductor also testified that he did not ring the bell to start the car, but that he saw who rang it, and that it was Mr. McCausland.

Against this straightforward and positive testimony of these three witnesses, the record shows that Abraham Cohen, one of the plaintiffs, testified in the first place, that the conductor rang the bell, but upon cross-examination he said the conductor was inside the car, and in answer to the question, "You don't know who rang the bell, do you?" he said, "Well, I could not say so." The meaning of his reply is not entirely clear. The most natural construction of the statement is, that he meant he could not say who rang the bell; and this would be a virtual withdrawal of his statement that the conductor gave the signal, and would leave the claim of the plaintiff without any evidence to support it. But it is barely possible that he meant that he could not say that he did not know who rang the bell. The doubt should have been cleared up by further questioning. Were it not for this uncertainty, as to the sense in which his answer was to be understood, we would feel it our duty to sustain the third specification of error, and reverse the judgment without a new venire, and enter judgment for the defendant because of the failure of the plaintiffs to offer any evidence sufficient to sustain the burden of proof which was upon them.

In answering the fifth point for charge, the trial judge very concisely said to the jury that they were to pass upon the weight of the evidence, and the interest of the

parties. But the answer was evidently inadequate, and the jury were not sufficiently impressed by the statement. The case turned upon conflicting testimony, and the circumstances called for careful explanation to the jury of the difference between interested and disinterested testimony. In the interest of justice the court should have called the attention of the jury to the fact that the unsupported statement of the plaintiff, Abraham Cohen, was contradicted by the testimony of three credible witnesses, two of whom at least were entirely disinterested. The jury should have been cautioned against an arbitrary or capricious disregard of the weight of the evidence which, upon the point in question, was so strongly in favor of the defendant. We have more fully discussed this question of inadequate instructions, and cited some of our cases bearing thereon, in an opinion lately filed, in the case of Davies v. Rapid Transit Co., ante, p. 176.

In the argument of counsel for plaintiffs much has been said about the presumption of negligence against a carrier in case of injury to a passenger. For a discussion of the proper application of this rule, see the opinion of Mr. Justice BROWN in Cline v. Pittsburg Rys. Co., 226 Pa. 586; and also the opinion of Chief Justice FELL in Blew v. Rapid Transit Co., 227 Pa. 319. There is no occasion here to invoke any presumption whatever, for the question at issue was a plain question of fact, concerning which there was clear and ample evidence. Presumptions are only intended to supply the place of facts, and when the facts appear from the evidence, presumptions are never to be relied upon as against the facts. In the present case, three witnesses whose credibility was unimpeached, testified that the signal to start the car was given, not by the conductor, but by an unauthorized passenger standing upon the back platform. The man himself who pulled the bell testified to the fact. To offset this clear testimony, there was only the statement of one of the plaintiffs, that the conductor rang the bell, which statement upon cross-examination was

either withdrawn or rendered doubtful by his own admission. No verdict should have been permitted to stand upon such feeble testimony from a witness so vitally interested in the result.

The judgment is reversed, and would be here entered for the defendant, but for the ambiguity of the answer of the only witness for the plaintiffs who undertook to say who rang the bell. For that reason a venire facias de novo is awarded.