# Weiss *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Evidence—Weight of evidence— Charge to jury—Inadequate charge.*

1. It is reversible error in a trial judge to fail to point out the kind and quality of the evidence and to clearly direct the attention of the jurors to the testimony relating to the controlling fact in the case.

2. Where the attention of the trial judge has been directed by an exception to the inadequacy of the charge, the party complaining thereof is in a position to raise the question of the adequacy of the charge on appeal. It is immaterial in such case that he has not asked for more specific instructions.

3. In an action of trespass to recover damages for injuries sustained by plaintiff in boarding a trolley car, where plaintiff's testimony uncorroborated, except by the confused, unsatisfactory and contradictory testimony of one witness, was to the effect that the car had prematurely started while he was attempting to enter it at a street corner after it had come to a full stop, causing him to fall off and sustain the injuries complained of, and seven witnesses for defendant testified that plaintiff ran from the sidewalk near the middle of a square and attempted to board a moving car at a point not intended for passengers, the court erred in failing to caution the jury against an arbitrary and capricious disregard of the weight of the evidence, and in not charging as to the difference between interested and disinterested testimony.

Argued October 29, 1913. Appeal, No. 205, October Term, 1913, by defendant, from judgment by C. P. Allegheny Co., May T., 1911, No. 569, on verdict for plaintiff in case of Joseph A. Weiss v. Pittsburgh Railways Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injury.  Before FORD, J.

At the conclusion of the charge to the jury, counsel for defendant said in requesting an exception thereto:

"I desire an exception to the charge as inadequate in not reciting the testimony.   It seems to me where a great number of witnesses have been produced by the defendant it is the duty of the court to go into that evidence at some length, and I therefore ask for an exception to the charge as inadequate on that ground." (2)

Other facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $15,000 and judgment thereon.   Defendant appealed.

*Error assigned* was the inadequacy of the charge.

*William A. Challener,* with him *Clarence Burleigh,* for appellant.

*H. Fred Mercer,* for appellee.

OPINION BY BY MR. JUSTICE ELKIN, January 5, 1914:

What was said in Hodder v. Philadelphia Rapid Transit Co., 217 Pa. 110, applies with singular force to the present case.   In that case our Brother STEWART discussed at length the duties of a trial judge in charging a jury where the evidence required comment by the court as an aid in arriving at a correct and just conclusion.   It was there said, inter alia: "Did the case present no other feature than this marked numerical inequality in the support given one side and the other by the witnesses, this of itself would be a circumstance properly calling for remark in the general charge, and the least the court could do would be to instruct the jury to allow it due weight.   By so much the greater reason should it be the subject of observation and instruction when, as in this case, the solitary witness on the one

side is the plaintiff herself testifying in her own behalf, unsupported by a single fact or circumstance not equally supporting those testifying adversely to her, and on the other side a half dozen witnesses, each with equal opportunity with the plaintiff to know what the actual fact was, testifying without impeachment of credibility by witness or circumstance, in positive contradiction to the plaintiff's statement.   Here was a state of evidence which not only invited comment by the court, but required it, in order that what was so unusual might have neither too much nor too little influence in determining the conclusion of the jury, but strictly its proper weight.   In deciding the question of defendant's liability the jury had but one fact to ascertain—was the car at rest or in movement when plaintiff attempted to alight?"   The present case in nearly all of its essential features is identical with the one from which we have just quoted.   In each case the jury had but a single fact to ascertain in order to determine the liability of the defendant, and it was most important that the trial should be so conducted, and the instructions so directed, as to concentrate the minds of the jurors on this central and controlling fact.   It is true the plaintiff, in the present case, testified that when the car was at a full stop, corner of Twelfth and Carson streets, he attempted to enter it as a passenger, and while in the act of entering the car and before given an opportunity to reach a place of safety, the car prematurely started, causing him to fall off, and thus sustain the injuries for which damages are claimed.   On the material and controlling question in the case—whether he did attempt to board the car during the time it had stopped for passengers at the corner of Twelfth and Carson streets and was injured by a premature start of the car, or whether he attempted to board a moving car at another point—he was uncorroborated except by the witness, Bernstein, whose testimony, viewed in the most favorable light, was confused, unsatisfactory and contradictory.   The testimony of the

other witnesses introduced for the purpose of corroborating the plaintiff equally supported those who testified adversely to him, and several of these witnesses testified to facts in contradiction of the story told by plaintiff.

On the other side, the defendant denied that the plaintiff was injured in the manner charged and contended that the accident happened when the plaintiff ran from the sidewalk near the middle of the square and attempted to board a moving car at a point not intended to receive passengers. Seven eye witnesses were called by the defendant to prove these facts, and the testimony of these witnesses, if believed, is conclusive of the facts upon which the defendant relied to defeat a recovery. These witnesses saw how the accident happened, where the plaintiff attempted to board the car, and what occurred at the time plaintiff was injured. Their testimony is in direct conflict with that of the plaintiff, and since five of them were disinterested witnesses, there is no apparent reason for disbelieving the facts as related by them. In addition to this the plaintiff was contradicted in many particulars by his own witnesses. He was contradicted as to the way in which the car started from its stopping place at the corner of the streets where it took on passengers; as to the place where plaintiff attempted to board the car; as to his statement that he partially got on the car before it started; and as to where he was just before the accident. Under these circumstances, it was the duty of the trial judge to caution the jury against an arbitrary and capricious disregard of the weight of the evidence: Davies v. Rapid Transit Co., 228 Pa. 176; Cohen v. Rapid Transit Co., 228 Pa. 243. This belongs to a class of cases wherein it was held to be the duty of the court, in order that a fair trial may be had and a just verdict rendered, to give the jury clear, definite and concise instructions as to the law and the evidence, and as to the difference betweeen interested and disinterested testimony: Lingle v. Scranton Ry. Co., 214 Pa. 500. Many other cases might be cited to the

same effect, but enough has been said to indicate that as we view the present record this is a case which emphasizes the necessity of requiring proper comment on the evidence by the court in order that the jury may not be misled as to the exact legal rights of the parties.

There can be no just criticism of the general charge of the learned trial judge. The respective theories of the contending parties were fairly and impartially submitted to the jury, but there was a failure to point out the kind and quality of the evidence and to clearly direct the attention of the jurors to the testimony relating to the controlling fact in the case. True, this was a case for the jury, but it is the duty of courts to do what can be done within the proper exercise of their powers to aid in the just administration of the law.

It is argued for appellee that appellant cannot now complain because of failure to ask more specific instructions at the time. The answer to this contention may be found in the second assignment of error, which shows that the attention of the court was directed to the inadequacy of the charge as therein indicated. This was sufficient under the facts of the case at bar to put appellant in position to raise the question on appeal.

Judgment reversed and a venire facias de novo awarded.