## Patterson *v.* Pittsburgh Railways Company, Appellant.

Argued March 31, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellant.

*John Duggan, Jr.,* with him *Morris F. Cohen,* for appellee.

OPINION BY MR. JUSTICE STERN, May 25, 1936:

Plaintiff testified that while he was in the act of boarding a car of defendant company which had stopped at a regular street intersection, the motorman prematurely closed the doors, hurling plaintiff to the ground and causing injuries for which redress is sought in this action. He was uncorroborated in his version of the happening of the accident. On the other hand, six witnesses —one, the motorman, one, a passenger on the car, and four, persons on the street in the immediate vicinity— all testified that plaintiff suddenly left the sidewalk after the car had started across the intersection and ran into the side of the car near the front. The jury found in favor of the plaintiff, and the court below refused a new trial.

Defendant complains that the court erred in not charging the jury as to plaintiff's contributory negligence. The element of contributory negligence, however, was not in the case. Under the evidence it was not possible

that both plaintiff and defendant contributed to the happening of the accident, but only that one or the other was at fault.

Defendant is on firmer ground in its fifth assignment of error, which asserts that the court erred in failing to charge the jury in regard to the "value" of the testimony of the witnesses. The trial of this case involved merely the factual inquiry as to whether plaintiff's or defendant's version of the happening of the accident was the correct one. In determining this question, the striking feature of the situation was that on one side was the testimony of the uncorroborated and interested plaintiff, and, on the other, that of the motorman corroborated by five disinterested witnesses. Yet the court not only made no reference in the charge to the unequal number of witnesses, but this inadequacy was rendered more harmful by the court's erroneously implying that all those who testified for defendant were interested witnesses. The learned trial judge charged that, "It is your duty to examine the testimony of the witnesses for the defendant company and to determine whether their employment and the desire to appear right in the eyes of their employer and to appear to have fully discharged their duties would cause them to hold back or color their testimony and testify differently from what they would have if they were not so interested." This, obviously, would make it appear as if the six witnesses for the defendant were in its employ, whereas five of the six had no connection whatever with defendant company.

In failing to call the jury's attention to the probabilities of the case arising from defendant's overwhelming superiority in number and disinterestedness of witnesses, the charge was clearly inadequate and invited the apparently capricious verdict which the jury rendered. There are numerous authorities which hold that in a case such as this it is reversible error for a trial judge in his charge to minimize the advantage which one of the parties has by reason of a marked numerical pre-

ponderance of the witnesses in his favor, or to fail to caution the jury that, in weighing the conflicting testimony, they should have regard to the factors of relative numbers and disinterestedness of testimony: *Clark v. Union Traction Co.,* 210 Pa. 636; *Hodder v. Phila. Rapid Transit Co.,* 217 Pa. 110; *Davies v. Phila. Rapid Transit Co.,* 228 Pa. 176; *Cohen v. Phila. Rapid Transit Co.,* 228 Pa. 243; *Weiss v. Pittsburgh Railways Co.,* 242 Pa. 506. It is true defendant took only a general exception to the charge, but where, as here, the case calls loudly for such instructions, the failure to give them must be regarded as basic and fundamental error. Inadequacy of a charge may be taken advantage of on general exception where the instructions omitted are vital to a proper conception by the jury of the fundamental principles of law involved *(DiPietro v. Great Atlantic & Pacific Tea Co.,* 315 Pa. 209), and the inadequacy is just as basic where, in a case like the present, the legally established methods of determining the factual question involved are not explained to the jury. Indeed, even in the absence of a general exception, the appellate court of its own motion may reverse because of basic and fundamental error: *Schmitt v. City of Phila.,* 248 Pa. 124; *Marlowe v. Travelers Insurance Co.,* 313 Pa. 430.

As the case goes back for a new trial, it is unnecessary to discuss defendant's assignment of error in regard to alleged excessiveness of the verdict. It is to be noted, however, that plaintiff's complaints of nervousness, loss of memory, and gastric disturbances were very vague, and that the causal relation of the accident to the high blood pressure from which plaintiff is now suffering, and which was said to account for most of his other symptoms, rested upon testimony which, to say the least, was extremely tenuous.

The judgment is reversed and a venire facias de novo awarded.