**COONAN v. BALTIMORE & O. R. CO.**
No. 20320.
District Court, E. D. Pennsylvania.
Dec. 27, 1938.

Abraham E. Freedman and Freedman & Goldstein, all of Philadelphia, Pa., for plaintiff.

William G. Nixon and Guckes, Schrader, Burtt & Thornton, all of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is a motion for a new trial, following a verdict for defendant, in a suit by plaintiff to recover damages resulting to plaintiff when he was struck by a railroad train operated by defendant.

While the facts are not particularly germane to the decision of the points raised by motion for a new trial, I nevertheless recite them briefly as follows:

On May 1, 1936, the plaintiff was walking on a roadway between two of the defendant's railroad tracks, the roadway constituting the platform of the defendant's railway station at McKeesport, Pa.

According to the plaintiff's version, he stepped into a hole negligently permitted to exist on the so-called platform by the defendant; the plaintiff fell in such a position that one leg was across the track; an oncoming train crushed the ankle and an amputation of the left leg was later necessary.

The plaintiff was his only witness.

For the defense, five disinterested witnesses testified that the plaintiff slipped or fell while in the act of attempting to board or hop a moving freight train, thereby suffering injuries complained of.

Prior to the taking of any testimony, plaintiff's counsel moved "to exclude all the witnesses of the defendant with the exception of the man who is testifying." He

made the following statement in support of his motion: "I think the facts in this case are very peculiar and I think that the ends —I won't say the ends of justice, but I think in fairness to the plaintiff these men ought to be allowed to testify of their own knowledge and not having heard what the previous witnesses might say." The motion was refused and exception granted.

At the conclusion of the Court's charge, counsel for plaintiff requested that the Court instruct the jury that "it is not the number of witnesses which governs, but the quality and credibility of any particular witness; the testimony of one may govern over any number." The Court declined the request and granted an exception.

The jury brought in a verdict for the defendant, and the plaintiff's motion for new trial complains of the two rulings above described.

As to the first:

■ Exclusion, separation, sequestration of witnesses, or "putting witnesses under the rule," as the procedure is variously termed, is a matter not of right, but of discretion on the part of the Trial Judge.

"A separate examination of witnesses at the trial is a matter within the discretion of the Court * * * This discretion is not subject to review except in case of a manifest abuse and prejudice to the party complaining." 4 C.J. 826, Section 2802.

"Except as to parties whether or not the court in a criminal or civil case will exclude witnesses from the court room during the trial and direct that they shall be examined out of the hearing of each other, or shall be 'put under the rule,' as it is often termed, is within the discretion of the court * * *." 64 C.J. 118, Section 127.

"In some jurisdictions the exclusion of proposed witnesses from the court room during the examination of other witnesses is a matter of right on proper application, but the rule in a majority of jurisdictions is that the matter is one resting in the discretion of the trial court." 26 R.C.L. 1058, Section 65.

"A motion to require the witnesses to be examined out of the hearing of each other, or, as it is sometimes called, to 'put the witnesses under the rule,' is generally addressed to the sound discretion of the court." Viesselman's Abbott's Civil Jury Trials, 5th Ed., page 281, Section 122.

"Previous to a trial all witnesses may, by order of the court on motion of counsel on either side, be sequestered, due ground being shown, in such a way as may prevent those not yet examined from hearing the testimony of witnesses on the stand * * * The matter rests, however, in the sound judicial discretion of the trial court * * *." Wharton's Criminal Evidence, 11th Ed., Volume 3, pages 2127–9, Section 1263.

"It is a familiar rule that the court may, in the exercise of its discretion, direct the exclusion of witnesses from the court room while the testimony of other witnesses is being given * * * But the granting of such an order is generally held to be a matter of discretion, rather than of strict right." Jones, "Commentaries on Evidence," 2nd Ed., Volume 6, pages 4941–2, Sections 2497–8.

Wigmore's own opinion is that sequestration should properly be demandable as of right, but he states specifically that the great majority of opinion is otherwise: "A few courts concede that sequestration is demandable as of right. But the remainder, following the early English doctrine, hold it grantable only in the trial court's discretion; declaring usually, however, that in practice, it is never denied at any rate for an accused in a criminal case." Wigmore on Evidence, 2nd Ed., Volume 3, Pages 9, 10, 11, Section 1839. See, also, Holder v. U. S., 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010.

Counsel stated in their argument that they have failed to discover any Pennsylvania authorities dealing with the subject, and I have found none. Upon principle, however, I disagree with Wigmore, and think that sequestration should always remain a matter of judicial discretion. It is a general and salutary rule that trials in courts should be open to the public, and I dislike to see the rule eroded by exceptions. Moreover, I believe that witnesses, except where particular circumstances exist requiring different treatment, are entitled to hear the whole of the controversy in which they take a part. Witnesses have an interest, not in the outcome, but in the course of the litigation.

■ The plaintiff in the instant case gave no particular reason for his motion to exclude the witnesses. It may be that where a conspiracy is charged or suspected, or under similar circumstances, it would be proper for the court to exercise its discretion and grant the motion; but no such

situation existed or was even alleged in this case.

Plaintiff states in his brief that a Common Pleas Court in Philadelphia County has on two occasions granted motions to exclude witnesses. It may very well be that peculiar circumstances in those cases justified the rulings. In any event, there is nothing to indicate that that Court did not regard the matter as one of discretion, rather than of absolute right.

As to plaintiff's second complaint, on the refusal to charge as requested:

It was not in error to refuse to instruct the jury, as requested by plaintiff, that the plaintiff's uncorroborated testimony equalled in credibility and preponderance of evidence, that of the defendant's five disinterested eye-witnesses. In Patterson v. Pittsburgh Railway Co., 322 Pa. 125, 185 A. 283, the plaintiff sued for injuries sustained while boarding the defendant's street car, claiming that the motorman prematurely closed the doors. The plaintiff's testimony was uncorroborated. Five disinterested witnesses testified on behalf of defendant that the plaintiff suddenly left the sidewalk after the car had started and ran into the side of the car. The charge of the Court below made no reference to the unequal number of witnesses. In reversing a judgment for the plaintiff and awarding a venire facias de novo, the Supreme Court said, pages 127, 128, 185 A. page 284:

"In failing to call the jury's attention to the probabilities of the case arising from defendant's overwhelming superiority in number and disinterestedness of witnesses, the charge was clearly inadequate, and invited the apparently capricious verdict which the jury rendered. There are numerous authorities which hold that in a case such as this it is reversible error for a trial judge in his charge to minimize the advantage which one of the parties has by reason of a marked numerical preponderance of the witnesses in his favor, or to fail to caution the jury that, in weighing the conflicting testimony, they should have regard to the factors of relative numbers and disinterestedness of testimony. Clark v. Union Traction Co., 210 Pa. 636, 60 A. 302; Hodder v. Phila. Rapid Transit Co., 217 Pa. 110, 66 A. 239; Davies v. Phila. Rapid Transit Co., 228 Pa. 176, 77 A. 450, 139 Am. St.Rep. 1001; Cohen v. Phila. Rapid Trans-

it Co., 228 Pa. 243, 77 A. 500; Weiss v. Pittsburgh Railways Co., 242 Pa. 506, 89 A. 586. It is true defendant took only a general exception to the charge, but where, as here, the case calls loudly for such instructions, the failure to give them must be regarded as basic and fundamental error."

It should be obvious, therefore, that error would have been committed had we charged in accordance with the plaintiff's request. What was actually said to the jury on that point was this: "In considering the all important issue as to how the accident happened, I say to you, members of the jury, that you should take into consideration the fact that on the one side was the uncorroborated testimony of the plaintiff, who, of course, as I said, has an interest in the outcome of this case, as every plaintiff has; and on the other side was the testimony of five disinterested witnesses, according to their testimony. Jurors must have a regard for the factors of relative numbers and the distinterestedness of testimony."

At the very outset of the charge the following instruction was given to the jury: "It is your duty to remember this evidence or testimony in its entirety so that when you come to consider the case finally you will have the whole of it in your minds. It is for you to take the evidence and weigh it carefully, looking at all the possibilities that arise from it, judging for yourselves the credibility of each witness and each set of witnesses, and in that way you ascertain where the real truth lies in the case."

We are convinced that the charge was in complete accordance not only with the Pennsylvania authorities, but with the general law, and therefore overrule the plaintiff's second assignment of error.

Plaintiff in his motion for new trial mentioned a third assignment of error, having to do with objections to statements made by the witness Breitinger to the plaintiff. The point is not mentioned in the plaintiff's brief, however, and it has evidently been abandoned. Nevertheless, it may be said that, considered either as part of res gestae or as statements made to the plaintiff and in his hearing, the statements were properly admitted in evidence.

And now, December 27, 1938, for the reasons above given, plaintiff's motion for new trial is discharged.