Emanuel Fineburg, by his mother and next friend, Esther Fineburg, v. Second and Third Streets Passenger Railway Company, Appellant.

*Negligence—Inadequate charge—Credibility of witness.*

In an accident case where the testimony of the only witness who testifies to acts of defendant's negligence is contradicted by his own statements, by every other witness in the case, and by all the circumstances surrounding the accident, it is reversible error for the court to neglect to call the attention of the jury to the pertinent facts affecting the credibility of the witness and the contradictions of his testimony.

Slight inaccuracies in reviewing the evidence will not be regarded as error, but if the charge of the court is in the nature of an argument on one

side, or is inadequate in its treatment of the question submitted, such defect will be ground for reversal.

Argued March 25, 1897. Appeal, No. 5, Jan. T., 1895, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1893, No. 111, on verdict for plaintiff. Before Green, Williams, Mitchell, Dean and Fell, JJ. Reversed.

Trespass for personal injuries. Before Biddle, P. J.
The facts appear by the opinion of the Supreme Court.

The court charged as follows :
This action is brought on behalf of Emanuel Fineburg against the Second and Third Streets Passenger Railway Company to recover damages for injuries it is claimed he suffered by the negligence of this company. These actions are familiarly termed actions of negligence, which is a very good name for them, because that is the foundation of the whole proceeding. It is not enough to show a painful accident has happened, you must go further; you must show this accident was caused in some way by the negligence of the person you accuse of having inflicted it upon you. Of course, the streets are the highways of the commonwealth of Pennsylvania, which everybody has a right to use with ordinary and proper discretion. This company has the right of way because it is unable to turn out, being fastened to one track; but it is obliged to conduct its business with due care and consideration toward the traveling public and everything connected with the business that necessarily arises in a large city.

Of course, there is a large class of accidents where nobody is to blame. It is just the same as if you were driving in a wagon and a child ran into your horses and was run over; you could not avoid running over the child, and therefore the accident is not caused by any fault of yours. You are just driving your horse along with ordinary care, and this thing comes upon you suddenly and without warning; the child is injured, yet you cannot be blamed. Therefore you come down to the question in this case of what negligence this company, through its agents, the conductor and driver of the car, has been guilty of. The negligence that has been charged in this case is that this child was playing "hide-and-seek" in the street, and in endeavoring

to run across the street he stumbled, and that he fell down such a distance away from this car that the driver of the car, if he had been attending to his duties, which he is bound to do, could have stopped his car in time to avert the accident. The driver of a car is not supposed to have his attention diverted to other matters; his attention has to be confined almost exclusively, with very few exceptions, to the exact business in which he is engaged. It is for him to look ahead and see that the track is clear, and if anybody is on the track to slack up and prevent doing them any injury. It is alleged that this driver at the time, according to the testimony of Mr. Rosenberg, was talking to some one on the platform with him, although this child, it is said, fell down a sufficient distance from this car to enable the driver to stop if he was attending to his business, and that the car ran over the child when it might have been avoided by due care on his part. That is what the plaintiff contends. That the child was injured nobody denies, and that it was injured by this car nobody denies; the only question is as to the negligence. Both parties have gone over the testimony, which is very short, and I do not think it is worth while for me to read it to you. There is a contradiction in the testimony of the witnesses which you must try to reconcile. Mr. Rosenberg, if you credit his testimony, undoubtedly establishes a case which in law would be negligence. Mrs. Paynter, on the other hand, said she was looking out of the window for her son, who was playing about there, and she saw this boy run from one side of the street, facing this car, apparently, having his hands, as I understand, upon the car, and that he ran by the side of the car, stating that it was not the front wheel that ran over him, but the hind wheel. If that is the view you take of the fact, it would have been impossible for the driver to have known anything about it, as she contends the head of the car had passed when the boy ran to the side of it, and as he reached the car his foot got under the hind wheel. Other arguments have been produced to you by the learned counsel for and against the different statements and theories as to the manner in which this injury was sustained. That is a question entirely for you; it all depends upon what view you take of the evidence in this case. If you take the evidence as sworn to by Mr. Rosenberg it will be sufficient to establish negligence. On the other side,

taking Mrs. Paynter's story, I do not see how negligence can be sustained, because there was no opportunity of seeing the boy, or of knowing he was in the place where he was hurt.

In regard to the question of damages in this case, the law allows what they call compensation, and in estimating what compensation, if you think any should be given in this case, it is for you to say what would be a fair and adequate. compensation. The child is badly injured, and has the right to be compensated for the pain and suffering connected with the nature of the wound, and also for the injury he has sustained in his future inability to possess the same command over his limbs that he would have had this accident not happened. It is for you to consider these things, and what would be a fair and adequate compensation.

These cases are reduced to a matter of business, and you must consider them from a business point of view. Some juries get excited, apparently, and give anything at all that their kind hearts induce them to give. They look at it in the light of "What would you take to have your leg cut off?" That is not a fair test, and you have no right to appeal to yourselves in that way, for I suppose none of us would be willing to incur an injury of that kind, and you would be liable to say, "I would not take the risk for a million dollars," but after the injury you would think a moderate sum might compensate you for the injury, although to your mind nothing would compensate you beforehand.

Mr. Lex: Your honor has stated in your charge that Rosenberg said the driver was talking to a man on the platform with him; will you kindly remind the jury that two witnesses contradicted him?

Judge BIDDLE (addressing the jury):

I do not mean to say that Mr. Rosenberg was not contradicted by other witnesses; I picked out him and Mrs. Paynter as examples on both sides. I simply said, "If you believe his statement to be a correct one, that would make a case for the jury to decide upon." Of course, if you believe that was not true, if you believe the driver was not talking, of course Mr. Rosenberg's evidence would be of no value, that is, if you do not believe it.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned* among others were (3) in failing to remind the jury (when requested to do so) of the fact of the testimony of the witness Rosenberg as to the alleged act of negligence being contradicted by at least two witnesses; (4) in charging the jury (after a request had been made by defendant's attorney) as follows : " I picked out him (meaning Rosenberg) and Mrs. Paynter as examples on both sides ; " (6) in failing to comment upon any of the testimony of the witnesses in the case, except that of Louis Rosenberg and Mrs. Paynter, to tell what the substance of the other testimony was, or to refer to the contradictions, the weight of the testimony, the manner or interest of the several witnesses, and the like, after having commenced to do so by referring to the two witnesses above mentioned; (7) because the court below in charging the jury gave an undue prominence to the plaintiff's case and minimized that of the defendant.

*Wm. Henry Lex*, with him *John G. Johnson*, for appellant.— The charge was inadequate : Nieman v. Ward, 1 W. & S. 68; Parker v. Donaldson, 6 W. & S. 137 ; Penna. Canal Co. v. Harris, 101 Pa. 92; Reichenbach v. Ruddach, 127 Pa. 564, Lerch v. Bard, 177 Pa. 197.

*Frederick J. Shoyer*, for appellee.—The charge was adequate : Kyle v. Electric Light & Power Co., 174 Pa. 570 ; Voskamp & Co. v. Connor, 173 Pa. 109; Grantz v. Price, 130 Pa. 415; Johnston v. Bank, 101 Pa. 597; Ott v. Oyer's Executrix, 106 Pa. 7; Penna. R. Co. v. Page, 21 W. N. C. 52 ; Murphy v. Jones, 43 Leg. Int. 532; Lauer v. Yetzer, 3 Pa. Superior Ct. 461.

OPINION BY MR. JUSTICE WILLIAMS, July 15, 1897 :

The injury complained of in this case was received while the defendant company was using horses as a motive power for its street cars. The verdict seems to be clearly against the weight of the evidence. This circumstance standing alone is not a ground for reversing the judgment; but the appellant alleges that the verdict may have resulted from the manner in which the case was submitted to the jury, and assigns error to the charge of the learned trial judge. Let us see first what case the evidence on the part of the plaintiff presented; and then

look at the manner of its submission to the jury. Two witnesses were called by the plaintiff who saw the accident. They were Louis Rosenberg and Hanna Roberts. Rosenberg testified that the plaintiff ran across the street in front of the car, and that while on or near the defendant's railway track he fell with one foot across one of the rails. Before he could lift his foot from the rail, the car was upon him and his foot was injured. In the same breath he testifies that the distance between the car and the plaintiff, when he fell, was sufficient to have given the driver opportunity to bring his car to a full stop before reaching the place where the boy had fallen. This witness also admits, in effect, that immediately after this accident happened, he gave an entirely different account of it; and that he then said the boy ran directly in front of the car and was hit by one of the horses and thrown down and received the injury before he could move after falling. Hanna Roberts gave another and different account of the accident. She was at the southwest corner of Third and Catherine streets. The boy was then at the southeast corner of the same intersection. He started to cross over to where she stood, and when just across the track fell towards the curb on the side of the street where she was. She started towards him but before she could reach him the car had passed over his foot. She was very near to him as he fell toward the curb, but she was unable to reach him in time. The injury had been inflicted and the car had passed on before she had taken the few steps that brought her to the place where he lay. It will thus be seen that the contradictory story of Rosenberg was all the testimony in the case on which a charge of negligence could rest. He was contradicted in regard to every statement tending to show want of care on the part of the driver, and most effectually contradicted by all the circumstances surrounding the accident. There were three persons on the front platform besides the driver when the boy was injured. Not one of them saw him or knew of the injury till some time afterwards. The seats in the car were all full, but the passengers were equally in ignorance of the boy and his injury. There were two persons standing on the rear platform, who saw the boy picked up after the car had passed, and called the attention of the conductor to the circumstance, but before they saw the conductor the boy had been taken off the street. Mrs. Paynter,

a witness called by the defendant, gives an account of the accident that harmonizes all the circumstances referred to and accounts for the fact that none of the passengers or employees saw the boy fall or knew of his injury at the time. She says she was at her window, two doors from the corner of Third 'and Catherine streets, and saw the accident. The boy started to cross the street, but falling behind the horses, he came up against the body of the car, put his hand against it, ran alongside of it for a little, and while running fell so that the hind wheel passed over one of his feet. Sherry with another witness called by the defendant saw the boy dart out suddenly into the street, and thought he got in front of the horses, but that this was done so quickly as to make it impossible to stop the car to avoid the accident. With the exception of the testimony of Rosenberg, there was no evidence in this case to justify its submission to the jury. If his testimony, so contradictory in itself, and so thoroughly contradicted by all the other evidence and by all the circumstances, before the jury, was to be submitted as sufficient to justify a verdict, its credibility should have been called to their attention. The pertinent facts affecting its credit and the contradictions of its statements by other witnesses should have been adverted to. The learned judge alluded to him as an example of a class of witnesses whose testimony sustained the plaintiff's case; but he was not an example of a class. He stood absolutely alone. So far as the facts testified to by him affecting the charge of negligence against the company are concerned, every other witness called on both sides, some five or six in number, testified in a manner that tended with more or less directness to contradict him. In no particular relating to the failure of the driver to do his full duty is he corroborated by a single witness or a single circumstance. The attention of the jury should have been drawn to the situation and credibility of this witness: Riechenbach v. Ruddach, 127 Pa. 564; Lerch v. Bard, 177 Pa. 197. Slight inaccuracies in reviewing the evidence will not be regarded as error: Knapp v. Griffin, 140 Pa. 604; but if the charge is in the nature of an argument on one side, or is inadequate in its treatment of the questions submitted, such defect will be ground for reversal: Young v. Merkel, 163 Pa. 513. There is no complaint of partiality in this case, but of an inadequate presenta-

tion of the case to the jury, so far at least as the credibility of Rosenberg's testimony was concerned. This objection is well taken, and may account for the verdict.

Why the verdict was not promptly set aside as against the weight of the evidence it is not easy to see. The assignments of error are sustained.

The judgment is reversed and venire de novo is awarded.