# Lingle *v.* Scranton Railway Company, Appellant.

*Negligence—Street railways—Alighting from car—Contradictory evidence— Charge.*

In an accident case where the plaintiff's testimony, in effect that the car in which she was riding stopped before she proceeded to alight, is corroborated by another witness, but is contradicted by the conductor and three passengers, it is reversible error for the court to submit the evidence of the plaintiff to the jury with apparent approval and in the most favorable light, while presenting that of the defendant in such a manner as to cast doubt upon its accuracy and correctness.

Where a point submitted contains an abstract proposition of law upon an assumed fact, it is for the court to determine the legal truth of the conclusion from the assumed fact, and the point should be affirmed or refused without qualification.

Where the testimony of witnesses is clear and unequivocal it is error for the court to qualify the affirmance of a point by saying "if you believe any of the witnesses who did so testify, believe that they know what they are talking about."

Argued Feb. 19, 1906. Appeal, No. 139, Jan. T., 1905, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1903, No. 934, on verdict for plaintiff in case of Daisy E. Lingle v. Scranton Railway Company. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before NEWCOMB, J.

The opinion of the Supreme Court states the case.

Plaintiff presented, inter alia, the following point:

14. Of course if you believe the testimony of Doctor Brewster, Mr. Donlin, Mr. Piper, the motorman and conductor and the other witnesses to the accident called by the defendant, then a case is presented of a passenger undertaking to leave a moving car without waiting for it to stop and she was plainly guilty of contributory negligence and of course cannot recover. *Answer:* I cannot affirm that point without qualifying it in this way: The point assumes that the motorman testified to the circumstances of the accident and so far as the "other witnesses" to the accident are concerned, the point does not specify them. I do not remember that the motorman testified

to the circumstances of the accident as I understand the term "circumstances of the accident." I only affirm it with this qualification, that if you believe these witnesses that are specified and the other witnesses or any of them on the part of the defendant who testified that this lady got off of the car while it was in motion, if you believe any of the witnesses who did so testify, believe that they know what they are talking about, are speaking from accurate knowledge, then of course it would warrant you in so finding because the plaintiff could not in that state of evidence recover and with that qualification the point is affirmed. [12]

Verdict and judgment for plaintiff for $1,775. Defendant appealed.

*Errors assigned* among others were (3) that the charge as a whole was unfair and biased, quoting the whole charge and (12) answer to point as above, quoting it.

*Everett Warren*, with him *Edward N. Willard, Henry A. Knapp* and *Charles P. O'Malley*, for appellant.—In his general charge the trial judge called the attention of the jury to the theory and testimony of the plaintiff herself and presented it in its most favorable light, without one word of comment as to her credibility as affected by her direct pecuniary interest in the result. This was error: Clark v. Union Traction Co., 210 Pa. 636; Reber v. Herring, 115 Pa. 599; Webb ·v. Lees, 149 Pa. 13; Holden v. Penna. R. R. Co., 169 Pa. 1; Fineberg v. Ry. Co., 182 Pa. 97; Neff v. Traction Co., 192 Pa. 501.

*Samuel B. Price*, with him *John Dunn* and *Arthur Dunn*, for appellee.

OPINION BY MR. JUSTICE ELKIN, March 19, 1906:

This belongs to a class of cases wherein it is the duty of the trial judge to give to the jury definite, exact and concise statements of the law and the facts in order that intelligent consideration may be given and correct conclusion reached. The plaintiff's cases depended upon her saying that the car stopped before she proceeded to alight. She did so testify, and was corroborated by a companion with her. The defendant, how-

ever, showed by the testimony of the conductor in charge of the car, the motorman, and by Dr. Brewster, Mr. Donlin and Mr. Piper, passengers on the car, that plaintiff attempted to get off while it was moving, and that the accident resulted from her own negligence. This was the vital and controlling question in the case. Both sides were entitled to have the facts of their case as shown by the testimony fairly and impartially presented to the jury. The appellant contends that the charge as a whole was not a fair and impartial presentation of the case to the jury in that undue prominence was given to the testimony of appellee, while that of appellant was referred to in such a manner as to belittle the witnesses and discredit their testimony. In reviewing the defendant's testimony the court pointed out to the jury certain statements which had been made by these witnesses which were at variance with what seemed to the court to be the undisputed testimony in the case, but which in fact did not bear directly upon the vital question at issue, and stated that in view of this seeming conflict in the testimony, the witnesses may not have had an accurate knowledge of the circumstances connected with the accident. For instance, in reviewing the testimony of Mr. Piper and Mr. Donlin, stress was laid on the fact that as other witnesses testified positively that the signal had not been given, and inasmuch as these witnesses did not hear it, they may not have had a clear or accurate recollection of just how the accident occurred, and their testimony should be carefully scrutinized to ascertain whether or not their recollection was accurate. Remarks of a similar character were made in commenting upon other testimony of appellant's witnesses.

There could be no objection to the court reviewing the testimony on both sides, but when this is done it must be impartially and fairly commented on without giving undue prominence to either side, and without presenting an argument on one side of the case. In Reichenbach v. Ruddach, 127 Pa. 564, Mr. Justice GREEN, said: "If the testimony upon one side of a controverted question of fact is made prominent and conspicuous in the charge, common fairness requires that equal prominence should be given to opposing testimony having a contrary tendency."

As we read the charge, this rule was not observed. The evidence of the plaintiff was submitted to the jury with apparent approval and in the most favorable light, while that of the defendant was presented in such a manner as to cast doubt upon its accuracy and correctness. This would necessarily create doubts in the minds of the jurors as to the credibility of defendant's witnesses.

In Fineburg v. Railway Company, 182 Pa. 97, Mr. Justice WILLIAMS said: " If the charge is in the nature of an argument on one side, or is inadequate in its treatment of the questions submitted, such defect will be ground for reversal." In Heydrick v. Hutchinson, 165 Pa. 208, it was held that a charge whose tendency as a whole is to belittle and prejudice one side, and which is not in expression and tone a judicial presentation of the case, is error. To the same effect is Tietz v. Philadelphia Traction Company, 169 Pa. 516; Philadelphia Trust, etc., Company v. Philadelphla, etc., R. R. Co., 177 Pa. 38.

The appellant further contends that its fourteenth point should have been affirmed without qualification, and this is the subject of the twelfth assignment of error. The answer of the learned court to this point casts doubt upon the credibility of the witnesses by suggesting to the jury that the point was a correct statement of the law " if you believe any of the witnesses who did so testify, believe that they know what they are talking about." There is nothing in the testimony of these witnesses to warrant such an insinuation. Their testimony was clear and unequivocal, and if the jury believed what they said there could be no recovery. It is true the credibility of witnesses is for the jury, whose duty it is to weigh and consider the testimony of each witness and decide for themselves the points in controversy and whether the witness is to be believed. The point, however, assumed just this state of affairs, and had embodied in it the qualification suggested by the court. The point stated that if the jury believed the testimony of these witnesses, the plaintiff could not recover. Where a point submitted contains an abstract proposition of law upon an assumed fact, it is for the court to determine the legal truth of the conclusion from the assumed fact, and the point should be affirmed or refused without qualification : Citizens' Passenger

Railway Company v. Ketcham, 122 Pa. 228. Defendant's point should have been affirmed without qualification. For these and other reasons unnecessary to be commented on, we think the learned court was in error.

Judgment reversed and a venire facias de novo awarded.