# Glasco *v.* Green, Appellant.

*Negligence—Practice, C. P.—Trial—Point for charge—Proximate and remote cause—Disease following accident—Burden of proof—Evidence—Death.*

1. Where a point submitted contains an abstract proposition of law upon an assumed fact, it is for the court to determine the legal truth of the conclusion from the assumed fact, and the point should be affirmed or refused without qualification.

2. In an action to recover for death of plaintiff's husband, the burden is on plaintiff to prove the accident was the proximate or proximate predisposing cause of the death and not merely the remote cause; it might be the latter if resulting from influenza contracted by deceased while confined in a hospital by reason of the injury, yet that would not render defendant liable for the death.

3. A judgment on a verdict for plaintiff in such case will be reversed where the instructions may have misled the jury by failing to distinguish between the proximate and remote cause.

4. An act may in some way be connected with a result of which it is not the proximate or proximate predisposing cause.

*Negligence—Improper remarks of counsel—Improper statements as to damages—Withdrawal of juror—Damages—Practice, C. P.—New trial.*

5. Where counsel in addressing the jury makes an unfounded claim for damages, which the president judge fails to correct, the verdict should be set aside.

6. In an action for death of plaintiff's husband, a verdict for plaintiff will be reversed, where it appears that the trial judge

failed to charge that the verdict should be limited to so much of the husband's future earnings as would have gone to the support of his family.

Argued February 6, 1922. Appeal, No. 53, Jan. T., 1922, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1918, No. 563, on verdict for plaintiff, in case of Irene J. Glasco v. Howard B. Green. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's husband. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $12,500. Defendant appealed.

*Errors assigned* were instructions appearing by the opinion of the Supreme Court, quoting record, and refusal to withdraw a juror, quoting record.

*A. B. Geary,* of *Geary & Rankin,* with him *Alfred D. Wiler,* for appellant.—Where counsel states to the jury an amount claimed but not supported by the testimony, or makes objectionable remarks to the jury, the court should, upon objection and request of counsel for the other party, withdraw a juror and continue the case and if such is not done and the matter is brought before the court by an affidavit in support of the verity of the remarks, the judgment will be reversed: Holden v. R. R., 169 Pa. 1; Carothers v. Rys., 229 Pa. 558; Hollinger v. Ry., 225 Pa. 419; Brown v. Traction Co., 237 Pa. 324; Fowler Waste Mfg. Co. v. Gas Engine Works, 227 Pa. 315; Connelly v. Rys., 230 Pa. 366; Quinn v. P. R. T. Co., 224 Pa. 162.

The trial judge erred in adopting the measure of damages laid down by plaintiff's counsel: P. R. R. v. Butler, 57 Pa. 335; Mansfield Coal & Coke Co. v. McEnery, 91

Pa. 185; McHugh v. Schlosser, 159 Pa. 480; Bogges v. R. R., 234 Pa. 379; Hockenberry v. Elect. Co., 251 Pa. 395; Burns v. R. R., 219 Pa. 225.

The trial judge erred in incorrectly stating the measure of damages and failing to give the jury adequate instructions regarding the same: Mack v. Rys., 247 Pa. 598; McKenna v. Gas Co., 201 Pa. 146; Tietz v. P. Tract. Co., 169 Pa. 517; Burns v. R. R., 233 Pa. 304; Todd v. Traction Co., 192 Pa. 587; Reitler v. P. R. R., 238 Pa. 1; Wilkinson v. Boro., 215 Pa. 486; Fortney v. Breon, 245 Pa. 47.

*John B. Hannum, Jr.,* of *Hannum, Chadwick & Weeks,* for appellee.

OPINION BY MR. JUSTICE WALLING, March 20, 1922:

This action by a widow on behalf of herself and minor children is for damages sustained by the death of her husband caused, as alleged, by defendant's negligence. On the morning of June 15, 1918, while plaintiff's husband, Harry L. Glasco, was riding his motorcycle at the intersection of Third and Lloyd streets, in the City of Chester, he sustained a compound fracture of the left leg by a collision with defendant's motor truck, under circumstances rendering the questions of negligence and contributory negligence for the jury. Glasco was taken to a hospital where he remained until he died of edema of the lungs on the ninth day of the following October. The evidence on part of plaintiff tended to show that septicemia resulted from the injury and finally caused the fatal edema. The expert evidence agreed that such edema might result from an injury or from a contagious or infectious disease; it was defendant's contention that in this case it resulted from influenza. There was some evidence tending to support this contention, including the death certificate of the attending physician, which gave the cause as edema of the lungs superinduced by influenza, and the further fact that such disease, in a

virulent form, was then prevalent and often terminated in edema of the lungs; also expert opinion deduced from the hospital chart, that such or a like malady, and not the injury, was the cause of death. But the attending physician's testimony was that the injury and not the disease caused the death and this was supported by other expert evidence. The jury found a verdict of $12,500 in favor of plaintiff and from judgment entered thereon defendant brought this appeal.

In the main the case was well tried, but the court below fell into error in the answer to defendant's second point, which was as follows, viz: "If the deceased suffered from influenza, which caused edema of the lungs, and was not related to the injuries upon which plaintiff's suit is based, then the attack of influenza was the proximate cause of the plaintiff's death, and the verdict should be for the defendant." Answer. "Our answer to that is this: If the death of Henry J. Glasco was not caused by the fracture of his leg, or of injuries received in the collision, and his death was caused by an entirely independent cause which was in no way connected with, related to, or produced or aggravated by the injuries received in the collision, the verdict should be for the defendant." This request, being sound in law and based upon an assumed state of facts, which there was some evidence to support, should have been affirmed without qualification. "Where a point submitted contains an abstract proposition of law upon an assumed fact, it is for the court to determine the legal truth of the conclusion from the assumed fact, and the point should be affirmed or refused without qualification": Lingle v. Scranton Ry. Co., 214 Pa. 500; and see Citizens Pass. Ry. Co. v. Ketchum, 122 Pa. 228; also Kuhn v. Ligonier Valley R. R. Co., 261 Pa. 147. Moreover, the burden was upon plaintiff to prove the accident was the proximate cause or proximate predisposing cause of the death, and not merely the remote cause; it might be the latter if resulting from influenza contracted by the deceased while confined in the hos-

pital by reason of the injury, yet that would not render the defendant liable for the death. The above answer and the following from the general charge, viz: "If you find from the evidence in this case that his death was caused directly or indirectly by the breaking of his leg, or injuries received at that place, then you may pass to the next question, of damages. If you find, however, that this collision had nothing whatever to do with his death, that it was caused by a totally independent cause, having no relation or connection with it, then that is the end of the plaintiff's case, and your verdict will be for the defendant," may have misled the jury by failing to distinguish between the proximate and remote cause. It did not give the true test of liability, for an act may in some way be connected with a result of which it is not the proximate or proximate predisposing cause.

Error is also assigned to the refusal of the trial judge to withdraw a juror because of the remarks of counsel on the question of damages. Mr. Glasco was a plumber of steady habits and when injured was earning about $42 a week, in excess of his board and clothes. He then had a life expectancy of thirty-two years, and counsel in effect explained to the jury, as the legal measure of his client's damages, the present worth of what her husband would have earned during the thirty-two years at the above stated amount per week; making the present worth approximately $70,000. This was fundamentally wrong; the measure of damages in such case is not what the deceased would have earned, aside from his board and clothes, but only so much thereof as the jury find would have gone for the benefit of his family. "The plaintiff was entitled to recover the pecuniary loss which she suffered by the death of her husband, and, as this court has determined time and again, the loss in such case is what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his lifetime, and what would have gone for the benefit of his widow, taking into

consideration his age, ability and disposition to labor, and his habits of living and expenditure. Under this rule it is the duty of the jury to ascertain the earning power of the deceased at the time of his death, not what he earned in any one year that the jury may select, and make that the basis of his earning capacity during the period of his expectancy. In estimating the total damages the jury must consider the time the deceased is expected to live, and also the fact that during that time his earning capacity will diminish as the years go on. Having thus ascertained the total sum, its payment must be anticipated and capitalized and the present worth obtained": Burns v. Pennsylvania R. R. Co., 219 Pa. 225, 228. To like import is Mansfield Coal and Coke Co. v. McEnery, 91 Pa. 185; McHugh v. Schlosser et al., 159 Pa. 480; Irwin v. Pennsylvania R. R. Co., 226 Pa. 156; Pennsylvania Railroad Co. v. Butler, 57 Pa. 335, and other cases. It is a matter of common knowledge that the average man spends money for many things beyond his board and clothes and the amount devoted to his family. So, while it is proper to show the earning power of the deceased, also his personal expenses, as bearing upon the financial loss sustained by his family, his total earnings, in excess of board and clothes, is not the true measure of damages in such case. The effect of the improper statements was probably greater because they were neither withdrawn by counsel nor corrected by the court. In Bullock v. Chester & Darby T. R. Co., 270 Pa. 295, 299, we said: "Where counsel in addressing the jury makes an unfounded claim for damages, which the presiding judge on request fails to correct, the verdict should be set aside, although the true measure of damages may appear in the general charge." In the present case the rule that the verdict should be limited to so much of the husband's earnings as would have gone for the support of his family appears neither in the remarks of counsel nor charge of the court. Furthermore, earning capacity extending over a long term of years should

be considered as in average rather than war times (Burns v. Pennsylvania R. R. Co., supra), and the decreasing capacity, with advancing years, should also be considered. The trial judge properly called the jury's attention to the latter, and also to the rule as to present worth of future earnings, but failed to limit the recovery to so much thereof as the jury might find would have gone for the benefit of the family.

For the reasons above stated, covered by the fifth and sixth amended assignments of error, the judgment is reversed and a venire facias de novo awarded.