## Ransom *v.* Philadelphia et al., Appellants.

Argued November 19, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

352

*I. G. Gordon Forster,* with him *John J. K. Caskie,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for City, appellant, No. 160.

*G. Edward Dickerson,* for appellants, No. 159.

*Joseph Blank,* for appellee.

OPINION BY RHODES, J., December 17, 1937:

Plaintiff brought an action of trespass against the City of Philadelphia on May 2, 1936, in the Municipal Court of Philadelphia County. In her plaintiff's statement she alleged that she received injuries to her right foot and right ankle as the result of stepping into a depression or hole in the sidewalk in front of premises No. 1613 Bainbridge Street in the City of Philadelphia, and that this depression or hole in the sidewalk had been negligently and carelessly allowed to remain in a dangerous and unsafe condition. On June 29, 1936, the defendant caused a writ of scire facias to issue to bring in as additional defendants the owners of the premises, G. Edward Dickerson and Addie W. Dickerson, his wife. The jury returned a verdict in favor of the plaintiff against the City of Philadelphia, and in favor of the City of Philadelphia against the additional

defendants. Motions for new trial and for judgment n. o. v. were filed by defendant and additional defendants. They were dismissed by the court below, and judgment entered on the verdict for the plaintiff against the defendant, the City of Philadelphia, and in favor of the City of Philadelphia against the additional defendants. These appeals by defendant and additional defendants followed.

Considering the testimony in the light of the jury's verdict, it appears that there was a lidless water box on the sidewalk in front of the premises at 1613 Bainbridge Street, which were owned by the additional defendants. This water box was about six inches square. The surrounding pavement was brick with a depression adjoining the water box which was the point of accident. According to plaintiff's witnesses this condition had existed for some time. At about nine o'clock on the morning of April 8, 1936, plaintiff was walking on the north side of Bainbridge Street in a westerly direction. There was a puddle of water on the pavement, and, as she attempted to step across, the heel of her shoe was caught in the water box, resulting in her injuries.

Plaintiff testified that, immediately after the accident, she called at the office of G. Edward Dickerson, one of the additional defendants, at 16th and Bainbridge Streets, and inquired of his secretary as to his ownership of the property in front of which she fell; that on the morning after the accident and on the 14th or 16th of April she returned and met Addie W. Dickerson, one of the additional defendants and wife of G. Edward Dickerson, the other additional defendant, and had a conversation with her. In this connection her testimony is, in part, as follows: "Q. What did you say to Mrs. Dickerson? A. I walked in and asked for Mr. Dickerson. She told me that she was running the business, not him, and what I wanted to transact, to transact with her, which I did. Q. What did you say to her?

A. I told her I fell on her pavement and who was going to pay the expenses for the hospital? She told me to come back in a week's time. Q. Did you? A. I did, on my way from the hospital, I stopped in there. I asked her for it, and she told me to wait, to take my time until she got ready to give it to me. I asked her how she expected me to live and pay the hospital bill? She told me to do just what all the niggers do, get on the relief. Q. You had no hospital bill? A. No I had not, but I had to have my room rent." Mrs. Dickerson testified that plaintiff came in several times, including the morning following the accident. She was asked: "By Mr. Forster: Q. The first day she came in, what was the entire conversation with the plaintiff? (Objected to.) (Objection sustained.) (Exception noted.)" Plaintiff had testified as to her conversations with Mrs. Dickerson and the remarks which Mrs. Dickerson is alleged to have made. We think that the refusal of the court below to permit Mrs. Dickerson to testify as to her entire conversation with the plaintiff is reversible error. The jury had plaintiff's version of what transpired with Mrs. Dickerson, and should have been permitted to receive the testimony of Mrs. Dickerson as to her conversation with plaintiff. Our review of the testimony leads us to the conclusion that the trial judge erred in his rulings on the admission of Mrs. Dickerson's testimony, and the additional defendants' second and third assignments of error are sustained.

As we are of the opinion that the case must go back for a new trial, it is advisable to point out that, in view of the conflicting testimony of plaintiff and her witnesses, the trial judge in his charge should have called the attention of the jury to these conflicts. The charge of the court in summarizing the testimony produced on behalf of plaintiff referred only to those facts which would warrant recovery and sustain a verdict in favor of plaintiff. Plaintiff's own testimony was contradic-

tory. On a part she was entitled to go to the jury; on another part she was plainly guilty of contributory negligence. By her witnesses she was both supported and contradicted. Under such circumstances, it was the duty of the court below to call the attention of the jury to these conflicts. See *Reichenbach et al. v. Ruddach,* 127 Pa. 564, 18 A. 432; *Herrington v. Guernsey et al.,* 177 Pa. 175, 35 A. 603; *Fineburg v. Second & Third Streets Passenger Railway Co.,* 182 Pa. 97, 37 A. 925; *Davies v. Philadelphia Rapid Transit Co.,* 228 Pa. 176, 77 A. 450.

The credibility of the testimony of plaintiff is of vital importance in this case. The testimony of Mrs. Dickerson affecting the credit of plaintiff's testimony should have been admitted. The refusal of the trial judge to admit it requires a reversal of both judgments.

Judgments are reversed, with a venire facias de novo.